AO 245B (Rev. 9/00) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 04 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# United States District Court
## Eastern District of Washington

UNITED STATES OF AMERICA
v.
**Hugo Collazos Munoz**

AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 2: 00CR00105-001

Terry Ryan
Defendant's Attorney

06/14/2001

[X] Modification of Restitution Order (18 U.S.C. § 3664)
[ ]

**THE DEFENDANT:**
[ ] pleaded guilty to count(s):_____
[ ] pleaded nolo contendere to counts(s)_____ which was accepted by the court.
[X] was found guilty on count(s) 1, 2, 3, 4, 5 Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 952, 960 | Conspiracy to Import Over 5 Kilograms of Cocaine, 21 U.S.C. 963 | 04/30/00 | S1 |
| 21 U.S.C. § 952 | Importation of a Controlled Substance, 18 U.S.C. 2 | 04/30/00 | S2 |
| 21 U.S.C. § 841 | Possess With Intent to Distribute a Controlled Substance, 18 U.S.C. 2 | 04/30/00 | S3 |
| 21 U.S.C. § 952 | Importation of a Controlled Substance, 18 U.S.C. 2 | 04/30/00 | S4 |
| 21 U.S.C. § 841 | Possess With Intent to Distribute a Controlled Substance, 18 U.S.C. 2 | 04/30/01 | S5 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[X] Count(s) all remaining counts are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

04/12/06
Date of Imposition of Judgment

_Signature of Judicial Officer_
The Honorable Robert H. Whaley
Name and Title of Judicial Officer
Chief Judge, U.S. District Court

Date May 3, 2006

CASE NUMBER: 2:00CR00105-001            Judgment - Page 2 of 5
DEFENDANT: Hugo Collazos Munoz

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 month(s)

The term of imprisonment shall run concurrent on all counts in CR 00-105-RHW with CR 00-054-RHW and CR 00-058-RHW. Count 1: CR 00-054 5 years; Count 1: CR 00-058 5 years; Count 1: CR 00-105 20 years; Count 2: CR 00-105 20 years; Count 3: CR 00-105 20 years; Count 4: CR 00-105 20 years; Count 5: CR 00-105 20 years.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before _____ on _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                              UNITED STATES MARSHAL

                             By _____
                                  Deputy U.S. Marshal

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

CASE NUMBER: 2:00CR00105-001                                                       Judgment - Page 3 of 5
DEFENDANT: Hugo Collazos Munoz

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 year(s)

The term of supervised release shall run concurrent with CR 00-054-RHW; CR 00-058-RHW; CR 00-105-RHW.

14) the defendant shall submit to drug testing and/or treatment and to random, warrantless searches of his person and/or property as directed by the U.S. Probation Office.

15) the defendant shall disclose financial information as requested by U.S. Probation Office.

☐ See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 4 of 5

CASE NUMBER:   2: 00CR00105-001
DEFENDANT: Hugo Collazos Munoz

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $500.00 |  | $49,600.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| *See Attached List | $49,600.00 | $49,600.00 | 1 |

☐ See Continuation Page

| **TOTALS** | $49,600.00 | $49,600.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☒ the interest requirement is waived for the   ☐ fine and/or   ☒ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| VICTIMS | AMOUNT | DATE |
|---|---|---|
| OLD NAVY | 100 | 9/10/99 |
| WALGREENS | 100 | 12/8/99 |
| MUCKLESHOOT CASINO | 100 | |
| INTL HOUSE OF PANCAKES | 100 | |
| MUCKLESHOOT CASINO | 100 | 10/5/99 |
| US BANK | 100 | 1/3/00 |
| SAFEWAY 379 | 2800 | 5/4/99 |
| IVARS SEAFOOD BAR | 100 | 5/11/99 |
| JOHN R. SMOOTS | 100 | 5/14/99 |
| CINNABON | 100 | 5/5/99 |
| LARRY'S MARKET | 4500 | 5/5/99 |
| KEY BANK | 1600 | |
| US MONEY CENTER | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| PACIFIC SUNWEAR | 100 | 5/8/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| HILLTOP RED APPLE | 100 | 5/3/99 |
| SAFEWAY 379 | 3200 | 5/3/99 |
| LARRY'S MARKET | 100 | |
| CINNABON | 100 | |
| BON MARCHE 1 | 100 | 5/10/99 |
| SAFEWAY 379 | 900 | 5/4/99 |
| SAFEWAY 379 | 100 | 5/4/99 |
| SAFEWAY 379 | 400 | 5/4/99 |
| HAGGEN | 100 | 5/6/99 |
| FLORSHEIM | 100 | 5/10/99 |
| JC PENNEY | 200 | 5/7/99 |
| ALBERTSONS 456 | 100 | 4/30/99 |
| EXPRESS | 1500 | 5/9/99 |
| BANANA REPUBLIC | 900 | 5/5/99 |
| SUNGLASS HUT | 300 | 5/11/99 |
| SUNCOAST | 400 | 5/10/99 |

| Merchant | Amount | Date |
|---|---|---|
| MUSICLAND 0614 | 100 | 5/5/99 |
| MCDONALDS | 100 | 5/6/99 |
| WALDEN BOOKS | 100 | 5/5/99 |
| CIRCUIT CITY 3319 | 100 | 5/4/99 |
| KFC 71 | 100 | 5/5/99 |
| FLORSHEIM | 100 | 5/10/99 |
| ORANGE JULIUS | 100 | 5/7/99 |
| DISNEY STORE 541 | 100 | 5/4/99 |
| RITE AID 5177 | 100 | 5/5/99 |
| TACO BELL 15791 | 100 | 5/10/99 |
| THE GAP 1709 | 100 | 4/26/99 |
| SAFEWAY 490 | 100 | 5/5/99 |
| RITE AID 5171 | 100 | 10/5/99 |
| CHECK - X - CHANGE | 100 | 10/13/99 |
| BARTELL DRUGS | 100 | 10/8/99 |
| BON MARCHE 3 | 100 | 10/8/99 |
| OLD NAVY 5947 | 100 | 10/29/99 |
| BANK OF AMERICA | 100 | 10/28/99 |
| U-FIX-IT AUTO WRECKING | 100 | 10/27/99 |
| GOLDIES INC | 100 | 11/2/99 |
| SAFEWAY 1550 | 200 | 11/26/99 |
| OLIVE GARDEN | 200 | 12/21/99 |
| KIYA'S TRADING POST | 100 | 10/4/99 |
| ALBERTSONS | 100 | 12/23/99 |
| EMERALD QUEEN CASINO | 100 | 12/16/99 |
| US BANK | 100 | 10/26/99 |
| RASOIE | 100 | 10/26/99 |
| KEY BANK OF WASHINGTON | 100 | 10/26/99 |
| WELLS FARGO | 100 | 10/6/99 |
| KEY BANK | 100 | 10/27/99 |
| NORDSTROM | 100 | 11/2/99 |
| SAFEWAY 1508 | 100 | |
| UNION BANK OF CALIF | 100 | |
| KEY BANK | 100 | |
| KEY BANK OF WASHINGTON | 100 | 10/27/99 |
| LID CORP | | |
| BANK OF AMERICA | | |

| Merchant | Amount | Date |
|---|---|---|
| FRED MEYER | 100 | 11/7/99 |
| BANK OF AMERICA | 100 | 12/7/99 |
| EAGLE HARDWARE 361 | 100 | 7/12/99 |
| KEY BANK OF WASHINGTON | 300 | 7/27/99 |
| BANK OF MONTREAL | 100 | 8/3/99 |
| MUCKLESHOOT CASINO | 100 | 9/11/99 |
| BROCK'S OAK TREE RESTAURANT | 100 | 9/14/99 |
| EAGLE HARDWARE 371 | 300 | 9/14/99 |
| BANK OF AMERICA | 100 | 9/21/99 |
| RED LION 48786 | 100 | 9/9/99 |
| BARNES AND NOBLE 2706 | 200 | 9/11/99 |
| TORONTO DOMINION BANK VANCOUVER | 400 | 10/4/99 |
| MERVYNS 259 | 200 | 10/4/99 |
| BURLINGTON COAT FACTORY | 100 | 10/5/99 |
| TCI PACIFIC COMMUNICATIONS | 100 | 10/4/99 |
| KKLD | 100 | 10/3/99 |
| RITE AID 5231 | 200 | 10/12/99 |
| BANK OF AMERICA | 800 | 10/12/99 |
| UNION BANK OF CALIF | 100 | 10/4/99 |
| FRED MEYER | 100 | 10/12/99 |
| BANK OF AMERICA | 100 | 10/12/99 |
| STACY M. LEE | 100 | 10/11/99 |
| BURLINGTON COAT FACTORY | 100 | 10/15/99 |
| BMB RENTALS | 100 | 10/20/99 |
| WHIDBEY ISLAND BANK | 100 | 10/12/99 |
| SEATTLE HILTON | 100 | 10/6/99 |
| NORDSTROM 17 | 100 | 10/10/99 |
| DENNYS 1071 | 100 | 10/12/99 |
| SAFEWAY 477 | 100 | 10/19/99 |
| BANK OF AMERICA | 100 | 10/2/99 |
| ALBERTSONS 403 | 100 | 10/19/01 |
| KEY BANK OF WASHINGTON | 100 | 10/19/01 |
| BANK OF AMERICA | 100 | 10/14/99 |
| FRED MEYER 28 | 100 | 10/4/99 |
| CHEVRON 1138 | 100 | 10/3/99 |
| SEARS 1129 | 100 | 10/3/99 |
| RITE AID 5171 | 100 | 10/5/99 |

| Merchant | Amount | Date |
|---|---|---|
| SEARS 1129 | 100 | 10/3/99 |
| BARTELL DRUGS | 100 | 10/8/01 |
| TACOMA BOYS | 200 | 10/12/99 |
| BON MARCHE 3 | 100 | 10/16/99 |
| PACWEST | 100 | 10/4/99 |
| BON MARCHE 1 | 100 | 10/8/99 |
| LAMONTS 566 | 100 | 10/5/99 |
| BON MARCHE 3 | 100 | 10/14/98 |
| SEARS 1129 | 100 | 10/3/99 |
| LONGS DRUGS | 100 | 10/4/99 |
| RITE AID 5269 | 100 | 10/5/99 |
| SEARS 1129 | 100 | 10/3/99 |
| BON MARCHE 3 | 100 | 10/16/99 |
| RITE AID 5269 | 100 | 10/5/99 |
| GNC | 100 | 5/5/99 |
| SCHWARTZ BROTHERS RESTAURANT | 100 | 5/5/99 |
| ABERCROMBIE & FITCH 670 | 100 | 5/6/99 |
| ANDREWS HALLMARK 2 | 100 | 5/5/99 |
| BANK OF AMERICA | 600 | 5/6/99 |
| QFC 829 | 300 | 5/5/99 |
| SUNGLASS HUT | 200 | 5/6/99 |
| JACK IN THE BOX 8418 | 300 | 5/6/99 |
| CAR TOYS | 100 | 5/5/99 |
| ENNEN FOOD STORES | 3800 | 5/10/99 |
| FLORSHEIM | 100 | 5/5/99 |
| BON MARCHE 1 | 1000 | 5/10/99 |
| RITZ CAMERA | 100 | 5/5/99 |
| JACK IN THE BOX | 200 | 5/25/99 |
| JC PENNEY | 300 | 5/25/99 |
| SALTYS ON ALKI | 100 | 5/10/99 |
| RED ROBIN 83 | 100 | 5/5/99 |
| BURGER KING | 100 | 5/11/99 |
| PRESTIGE STATIONS | 100 | 5/10/99 |
| MCDONALDS 0472 | 100 | 5/11/99 |
| FOOT ACTION | 300 | 5/8/99 |
| SUNGLASS HUT 279 | 100 | 5/11/99 |
| THE BODY SHOP | | |

| Location | Amount | Date |
|---|---|---|
| STRUCTURE 351 | | |
| UNION BANK OF CALIF | 400 | 5/10/99 |
| TARGET | 100 | 5/14/99 |
| TARGET | 100 | 5/11/99 |
| FAO SCHWARZ | 100 | 5/18/99 |
| MET SITE | 200 | 5/17/99 |
| TACO BELL 15791 | 100 | 5/25/99 |
| ALBERTSONS 436 | 100 | 5/17/99 |
| OLD NAVY 5947 | 100 | 5/14/99 |
| NAVY EXCHANGE | 100 | 5/10/99 |
| SAFEWAY | 200 | 5/19/99 |
| BANK OF AMERICA | 1600 | 6/4/99 |
| COSTCO 8 | 100 | 5/25/99 |
| AZTECA 2 | 100 | 6/2/99 |
| KEY BANK OF WASHINGTON | 100 | 9/20/99 |
| WELLS FARGO | 100 | 9/28/99 |
| DEPT OF LICENSING | 200 | 9/28/99 |
| KFC 71 | 100 | 10/2/99 |
| KEY BANK OF WASHINGTON | 300 | 9/13/99 |
| KMART 4208 | 100 | 9/13/99 |
| PAYLESS SHOES | 100 | 9/30/99 |
| BANK OF AMERICA | 100 | 10/4/99 |
| HOME DEPOT 4708 | 100 | 10/5/99 |
| BANK OF AMERICA | 100 | 10/1/99 |
| SECOND WIND | 100 | 10/8/99 |
| BLACK ANGUS 1017 | 100 | 9/30/99 |
| QFC 50844 | 100 | 10/1/99 |
| BANK OF AMERICA | 100 | 10/5/99 |
| QFC 50844 | 200 | 9/23/99 |
| BANK OF AMERICA | 100 | 10/5/99 |
| BARTELL DRUGS | 100 | 10/8/99 |
| BANK OF AMERICA | 100 | 10/5/99 |
| HOME DEPOT 4706 | 100 | 10/4/99 |
| BANK OF AMERICA | 100 | 10/5/99 |
| FRED MEYER 85 | 100 | 10/4/99 |
| SAFEWAY 1506 | 100 | 9/30/99 |
| KMART 3443 | 100 | 10/1/99 |

| Store | Amount | Date |
|---|---|---|
| ALBERTSON 463 | 100 | 10/3/99 |
| FRED MEYER 28 | 100 | 10/4/99 |
| FOOD EMPORIUM 363 | 100 | 10/1/99 |
| SAFEWAY 1246 | 100 | 10/4/99 |
| FRED MEYER 605 | 100 | 10/4/99 |
| FRED MEYER 95 | 100 | 10/4/99 |
| SAFEWAY 531 | 100 | 10/4/99 |
| FRED MEYER 19 | 100 | 10/5/99 |
| FRED MEYER 85 | 100 | 10/4/99 |
| EAGLE HARDWARE | 100 | 10/3/99 |
| ALBERTSONS 410 | 100 | 9/30/99 |
| KMART 3443 | 100 | 10/1/99 |
| FRED MEYER 95 | 100 | 10/4/99 |
| SAFEWAY 1246 | 100 | 10/4/99 |
| ALBERTSONS 463 | 100 | 10/3/99 |
| FOOD EMPORIUM 363 | 200 | 10/1/99 |
| SAFEWAY 531 | 200 | 10/3/99 |
| SAFEWAY 3523 | 100 | 10/4/99 |
| FRED MEYER 605 | 100 | 10/4/99 |
| ALBERTSONS 463 | 100 | 10/3/99 |
| ALBERTSONS 485 | 100 | 10/3/99 |
| KEY BANK | 100 | 10/4/99 |

Total $49,600

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 5, Part B — Criminal Monetary Penalties

Judgment - Page 5 of 5

CASE NUMBER: 2: 00CR00105-001
DEFENDANT: Hugo Collazos Munoz

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x] Lump sum payment of  $500.00  due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance with  [ ] C,  [ ] D, or  [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with C, D, or E below); or

C  [ ] Payment in __equal__ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in __equal__ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of __week(s)__ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [x] Special instructions regarding the payment of criminal monetary penalties:

Payment schedule shall be determined by the U.S. Probation Office.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] Joint and Several

   Case Number, Defendant Name, and Joint and Several Amount:

   | CR 00-010-RHW | USA v. Nakia Burland      | $49,600.00 |
   | CR 00-009-RHW | USA v. Charles Lee        | $49,600.00 |
   | CR 00-059-RHW | USA v. Joseph Hutchinson  | $49,600.00 |

[ ] See Continuation Page

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.